IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SANDY SKURSTENIS,                }
                                 }
    Plaintiff,                   }
                                 }
v.                               }   CIVIL ACTION NO.
                                 }
                                 }   98-AR-2295-S
SHERIFF JAMES JONES, *et al.*,   }
                                 }
    Defendants.                  }
                                 }

**FILED**
01 APR -5 PM 3:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

**ENTERED**
APR - 5 2001

**MEMORANDUM OPINION**

This court has now received the mandate following the Eleventh Circuit's opinion in *Skurstenis v. Jones*, 236 F.3d 678 (11th Cir.2000). The court is, of course, obligated to follow that mandate.

When plaintiff, Sandy Skurstenis, first filed her complaint, she invoked 28 U.S.C. §1331 as her basis for access to this court, claiming that defendants had violated a federal statute, namely, 42 U.S.C. §1983. T.O. Richey, a later added defendant, is the man in blue jeans and a T-shirt who the Eleventh Circuit called a "multi-functional technician", but who did not so describe himself to plaintiff when he thoroughly examined her pubic hair for lice as she exited the Shelby County Jail. Pursuant to 28 U.S.C. §1367(a), plaintiff appended state-law claims to her §1983 claim against the defendants, including Richey, for alleged invasion of privacy and assault and battery.

Richey filed a motion for summary judgment in which he



asserted, first, that his conduct did not violate constitutional norms, but, if it did fail constitutional muster, that he nevertheless enjoyed qualified immunity because he had no reason to believe under then existing law that he had done anything violative of plaintiff's constitutional rights. In his supporting brief Richey argued, *inter alia*:

> Because the Defendant is entitled to summary judgment as a matter of law as to the Plaintiff's §1983 claim, this Court should decline to exercise jurisdiction over the Plaintiff's state law claims.

This court thereupon simply denied Richey's motion for summary judgment without separating what it thought about the viability of the §1983 claim from what it thought about the viability of the state-law claims. This meant, of course, that the case would proceed to trial unless Richey perfected an appeal under *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806(1985). Richey took his appeal as a matter of right from the denial of his challenge to the §1983 claim, but he neither sought a 28 U.S.C. §1292(b) certification nor obtained leave of the Eleventh Circuit to appeal from the denial of his motion for summary judgment insofar as the motion can be construed to assert an absolute defense to the state-law claims.

It is quite clear from the opinion of the Eleventh Circuit that to the extent any **federal** claims were not dismissed by this court before defendants took their interlocutory appeals those **federal** claims are now due to be dismissed. However, the dismissal

2

of all federal claims does not end the matter, because it does not dispose of the pendent **state-law** claims against Richey, who, as noted, appealed from this court's denial of his motion for summary judgment only as against the §1983 claim.  Richey had the absolute right to appeal from this court's refusal to recognize his defense of qualified immunity to the §1983 claim, but he had no right to appeal from the denial of his motion for summary judgment as against plaintiff's state-law claims, that is, without special dispensation.  The fact that his notice of appeal from the denial of his summary judgment motion did not make this distinction did not somehow create appellate jurisdiction over both federal and state claims.

Because the Eleventh Circuit had no jurisdiction over the question of the viability of plaintiff's state-law claims, this court rejects Richey's post-mandate contention that the Eleventh Circuit intended to instruct this court to dismiss **all** of plaintiff's claims against Richey, even the claims for invasion of privacy and assault and battery.  This court respectfully declines to construe the Eleventh Circuit's desultory expression on this subject as a dispositive order about something over which that court was never asked to speak.  This court refuses to believe that the Eleventh Circuit would purport to address an issue over which it had no jurisdiction.  Despite what Richey now urges upon this court, the fact that Richey's conduct vis-a-vis Skurstenis has now

3

passed federal constitutional muster does not mean that that same conduct cannot constitute an invasion of privacy and/or an assault and battery under Alabama law. When this court denied Richey's motion for summary judgment, this court was holding, rightly or wrongly, that plaintiff's state-law claims are jury triable. At that time this court was assuming pendent jurisdiction over state-law claims. Now that there is no longer any federal question upon which to append plaintiff's state-law claims, what should the court do with them?

The dismissal of all federal claims does not automatically deprive the federal court of supplementary jurisdiction over remaining state-law claims. *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1568 (11th Cir.1994). However, when federal claims are dismissed before trial, the preferred course for a federal court to follow is to decline jurisdiction over the state-law claims, especially when the plaintiff, as in this case, can refile her complaint in the state court within thirty (30) days without exposing her state-law causes of action to a statute of limitations defense. 28 U.S.C §1367(c) and (d); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 619 n.7 (1988). In accordance with the tenets of federalism and of comity, state courts should be the primary deciders of questions of state-law. *Hardy v. Birmingham Bd. of Educ.*, 954 F.2d 1546, 1553, (11th Cir.1992). This is exactly what Richey himself suggested when he

4

filed his motion for summary judgment. This court now joins Richey in expressing a preference for the state court to pass on Skurstenis's claims of invasion of privacy and assault and battery.

An appropriate separate order will be entered.

DONE this 5th of April, 2001.

_____
WILLIAM M. ACKER, JR.
UNITED STATE DISTRICT JUDGE